UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DARLENE LEACH ET AL | CASE NO. 2:19-CV-01589 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| GERMANIA FIRE & CASUALTY CO ET AL | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 23] filed by defendants Germania Fire and Casualty Company and Travis Hodge. This suit arises from a motor vehicle accident and is currently set for jury trial in this court on December 12, 2021.

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc.*

*v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

Defendants ask that the court exclude any evidence of or reference to a bad faith claim, as none has been pled by plaintiffs. Doc. 23, att. 1. They also ask that the court exclude evidence of or reference to (1) privileged communications between defendant Travis Hodge and his attorney, (2) settlement demands and/or subsequent tender, and the timing of same, and (3) any intent to assign rights of defendant Travis Hodge to plaintiffs for the purposes of pursuing a bad faith claim against Germania Fire and Casualty Company following this litigation. *Id.* Plaintiffs agree that these matters are not relevant to the pending litigation and that they will not present any such evidence at the trial. Doc. 26.

Upon review of the pleadings and memoranda, the court likewise agrees that the evidence in question is properly excluded on the grounds of privilege and/or relevance. Accordingly, the Motion in Limine [doc. 23] is **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on this 15th day of November, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**